UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIAN G SASSEN VAN ELSLOO,<br><br>                    Plaintiff,<br><br>           v.<br><br>WHATCOM COUNTY, et al.,<br><br>                    Defendants. | Case No. 2:24-cv-02049-RSM-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>October 30, 2025</u> |

## BACKGROUND

The District Court has referred this action to United States Magistrate Judge Theresa L. Fricke. On December 6, 2024, plaintiff filed a motion to proceed *in forma pauperis* (IFP) and a proposed civil rights complaint under 42 U.S.C. 1983. Dkt. 1.

After screening the proposed complaint, the Court ordered plaintiff to show cause why the Court should not dismiss his complaint for failure to state a claim. Dkt. 4. The Court ordered plaintiff to either show cause by February 11, 2025, why the complaint should not be dismissed without prejudice, or file an amended complaint. *Id.*

Plaintiff subsequently requested four extensions of time to respond to the Court's order to show cause. Dkts. 5, 7, 9, 10. The Court granted plaintiff's motions. Dkts. 6, 8, 11.

On May 27, 2025, the Court's most recent order granting plaintiff's motion for extension of time was returned to the Court as undeliverable. Dkt. 12. The Court

instructed plaintiff to provide a new mailing address by July 28, 2025. Dkt. 13. On July 24, 2025, the Court re-sent, to an alternate address, the order granting plaintiff an extension of time to respond to the Court's order to show cause. On September 16, 2025, the Court *sua sponte* granted plaintiff another opportunity to amend his complaint; plaintiff was instructed to file his proposed amended complaint by October 7, 2025. Dkt. 15. The Court informed plaintiff that if he did not file a timely amended complaint or indicate a willingness to prosecute his case, the Court would recommend that his case be dismissed for failure to prosecute. Dkt. 15.

Plaintiff has failed to respond to the Court's order to show cause or communicate with the Court to indicate a willingness to prosecute his case.

## DISCUSSION

### i.    Failure to Prosecute

Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. And, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id.* at 633.

In determining whether plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice

to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first and second factors favor dismissal of the case. The third factor weighs against dismissal because the defendants have not been served in this case. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered plaintiff to show cause why this matter should not be dismissed and has given plaintiff more than one opportunity to amend the complaint. Plaintiff has not responded to the Court's most recent order. The Court finds that only one less drastic sanction is realistically available.

Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The complaint and this action should therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**ii.    Failure to State Claim**

Additionally, plaintiff's proposed complaint (Dkt. 1-1), and this action, should be dismissed without prejudice for failure to state a claim.

1    The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis*

2    "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b)

3    "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief

4    against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.

5    § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact.

6    *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds*

7    *by Neitzke v. Williams*, 490 U.S. 319 (1989).

8    Before the Court may dismiss the complaint as frivolous or for failure to state a

9    claim it "must provide the [prisoner] with notice of the deficiencies of [the] complaint and

10    an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d

11    1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*,

12    104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864

13    F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987).

14    Leave to amend need not be granted "where the amendment would be futile or where

15    the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d

16    829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th

17    Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

18    The Court liberally construes *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97,

19    106 (1976). Yet, Rule 8(a) of the Federal Rules of Civil Procedure provides that in order

20    for a pleading to state a claim for relief it must contain a short and plain statement of the

21    grounds for the court's jurisdiction, a short and plain statement of the claim showing that

22    the pleader is entitled to relief, and a demand for the relief sought. The statement of the

23

24

25

REPORT AND RECOMMENDATION - 4

claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A complaint is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Wainscott v. San Diego Cty.*, 9 F.3d 1555 (9th Cir. 1993).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

1    1.  Habeas Corpus

2    Plaintiff alleges he has experienced significant procedural errors concerning a

3 criminal case currently pending, including "unwarranted delays, arbitrary rulings, and

4 denial of access to necessary court records and exculpatory evidence" in violation of his

5 Fourteenth Amendment and Sixth Amendment rights. Dkt. 1-1 at 3. He further alleges

6 his counsel is "ineffective" and "unqualified." *Id*.

7    Plaintiff's speedy trial, ineffective assistance of counsel, and due process claims—to

8 the extent that his due process claims challenge criminal proceedings against him—

9 must be raised in a habeas corpus petition rather than in a Section 1983 complaint. An

10 "action lying at the core of habeas corpus is one that goes directly to the constitutionality

11 of the prisoner's physical confinement itself and seeks either immediate release from

12 that confinement or the shortening of its duration.... With regard to such actions, habeas

13 corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411

14 U.S. 475, 503 (1973) (internal quotation omitted). "A habeas petition under section 2241

15 is the appropriate vehicle for a challenge to a person's detention when the person is in

16 custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate

17 basis for a challenge to detention by a pretrial detainee." *Dyer v. Allman*, No. 18-CV-

18 04513-RS (PR), 2018 WL 4904910, at *1 (N.D. Cal. Oct. 9, 2018) (citing *Hoyle v. Ada

19 Cty,* 501 F.3d 1053, 1058 (9th Cir. 2007)). "A civil rights action, in contrast, is the proper

20 method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th

21 Cir. 1991).

22    Here, plaintiff's speedy trial, ineffective assistance of counsel, and due process

23 claims—to the extent that his due process claims challenge the criminal proceedings

24

25

REPORT AND RECOMMENDATION - 6

against him—must be raised in a habeas corpus petition rather than in a § 1983

complaint. Plaintiff therefore fails to state a claim upon which relief can be granted.

2.  Younger Abstention

Further, if this case is filed as a § 1983 action, or is filed as a habeas corpus petition,

the speedy trial, ineffective assistance of counsel, and due process claims challenging

pending state criminal charges should not be heard in federal court under the *Younger*

abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971).

Under Younger, abstention from interference with pending state judicial proceedings

is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the

proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity

in the state proceedings to raise constitutional challenges'; and (4) the requested relief

'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial

proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting

*ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir.

2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a

"showing of bad faith, harassment, or some other extraordinary circumstance that would

make abstention inappropriate." *Middlesex Cty Ethics Comm'n v. Garden State Bar

Ass'n*, 457 U.S. 423, 435 (1982).

First, plaintiff asserts he is a pre-trial detainee with ongoing state proceedings.

Second, as these proceedings involve a criminal prosecution, they implicate important

state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at

43–44. Third, plaintiff has failed to allege facts showing he has been denied an

adequate opportunity to address the alleged constitutional violations in the state court

proceedings. Finally, plaintiff raises claims that would effectively enjoin the ongoing

state judicial proceeding.

As *Younger* abstention applies to plaintiff's claims, plaintiff's speedy trial, ineffective

assistance of counsel, and due process claims are not properly raised in federal court.

3. Legal Mail

Plaintiff next alleges his legal mail was opened outside of his presence. Dkt. 1-1

at 4. He does not allege who opened his mail or when it happened. Plaintiff is required

to allege facts showing how individually named defendants caused, or personally

participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844

F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355

(9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to

state a claim for relief. *Leer*, 844 F.2d at 633.

A person subjects another to a deprivation of a constitutional right when

committing an affirmative act, participating in another's affirmative act, or omitting to

perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.

1978). Further, a § 1983 suit cannot be based on vicarious liability alone, but must

allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v.*

*Harris*, 489 U.S. 378, 385–90 (1989).

Therefore, because plaintiff did not identify the defendants who allegedly opened

his mail, explain which defendant did what particular acts (or failed to act) or when that

occurred, plaintiff has failed to state a claim under Section 1983.

4. 42 U.S.C. 1985 and 1986

Finally, plaintiff alleges defendants conspired to deprive plaintiff of his civil rights, "including withholding evidence, providing unqualified legal counsel, and maintaining unlawful detention" in violation of 42 U.S.C. 1985 and 1986. To state a claim under section 1985, a plaintiff must allege: (1) the purpose of the conspiracy was to deprive the plaintiff of equal protection or to obstruct the course of justice in the state; (2) the defendant intended to discriminate against the plaintiff; (3) the defendant acted under color of state law; and (4) the acts done in furtherance of the conspiracy resulted in an injury to the plaintiff's person or property. *Sykes v. California Dep't of Motor Vehicles*, 497 F.2d 197, 200 (9th Cir. 1974). "[T]he second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quotation marks and citation omitted).

Here, the proposed complaint does not contain sufficient allegations supporting the required elements of a 42 U.S.C. § 1985 claim. Plaintiff does not identify which defendant allegedly conspired against him. He further does not allege that a particular defendant was motivated to deprive plaintiff of his rights.

To plead a Section 1986 claim, a plaintiff must first plead a "preexisting violation of § 1985." *Benshoof v. Admon,* No. 2:23-CV-1392, 2024 WL 3227137, at *18 (W.D. Wash. June 28, 2024) (citing *Gattineri v. Town of Lynnfield, Massachusetts*, 58 F.4th 512, 516 (1st Cir. 2023)). Because plaintiff fails to allege a Section 1985 claim, he also fails to allege a claim under Section 1986.

In sum, plaintiff has failed to state a claim, his IFP motion should be denied, and his complaint should be dismissed without prejudice.

### CONCLUSION

Plaintiff's IFP motion should be DENIED, and his proposed complaint (Dkt. 1) should be DISMISSED without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **October 30, 2025**, as noted in the caption.

Dated this 15th day of October, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10